UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: PREVAGEN PRODUCTS MARKETING
AND SALES PRACTICES LITIGATION                                    MDL No. 2783


ORDER DENYING TRANSFER


**Before the Panel:**[*]  Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., Quincy Bioscience Manufacturing, LLC, Mark Underwood, and Michael Beaman move to centralize four actions in the Southern District of New York.  The actions, which are listed on the attached Schedule A, are pending in the Northern District of California, the District of New Jersey, the Eastern District of New York, and the Southern District of New York.

Plaintiffs in the Northern District of California *Racies* action and the Southern District of New York *Federal Trade Commission* action oppose inclusion of their respective actions in the proposed MDL.  Plaintiffs in the District of New Jersey *Vanderwerff* and Eastern District of New York *Karathanos* actions oppose centralization altogether.

On the basis of the papers filed and the hearing session held, we deny Defendants' motion. The four actions share factual issues arising from allegations that Defendants falsely and deceptively marketed Prevagen, a dietary supplement,[1] as improving memory and providing other cognitive benefits.  Centralization thus might, to some extent, eliminate duplicative discovery, avoid the possibility of conflicting pretrial rulings, and result in limited efficiencies.

But there are only four actions in this litigation, and no tag-alongs.  The small number of actions suggests that cooperation and informal coordination by the involved courts and counsel should be feasible.  *See In re: Crest Sensitivity Treatment & Prot. Toothpaste Mktg. & Sales Practices Litig.*, 867 F. Supp. 2d 1348, 1348 (J.P.M.L. 2012) (denying centralization and listing examples of mechanisms available to prevent redundant discovery).  In this regard, we note that the *Vanderwerff* and *Karathanos* plaintiffs have common counsel.

The advanced status of the *Racies* action also weighs against centralization.  *Racies* has been pending for over two years – since January 2015.  Although the parties dispute the amount of discovery that remains in *Racies*, there is no question that significant discovery has taken place,

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] Prevagen contains apoaequorin, a protein that reportedly was originally discovered in jellyfish.

-2-

especially as to plaintiff's core "body chemistry" allegations (*i.e.*, allegations that Prevagen, a protein, is fully digested like any other protein and that even if a small amount were not fully digested, the amount entering the bloodstream would be trivial at best and, even then, could not pass the "blood brain barrier"). In contrast, the three other actions were filed only earlier this year. *See, e.g.,In re: Lifewatch, Inc., Tel. Consumer Prot. Act. (TCPA) Litig.*, 140 F. Supp. 3d 1342, 1343 (J.P.M.L. 2015) (denying centralization, in part because of the procedural disparity of the subject actions).

Finally, the record leaves us unconvinced that the common factual issues are sufficiently complex to warrant centralization. The website for Prevagen lists only a single clinical trial of the supplement's efficacy to date – the Madison Memory Study,[2] a study sponsored by defendant Quincy Bioscience, LLC, that compared the effects of apoaequorin (10 mg) versus placebo over time on the outcomes of certain "CogState Research tests." The report describing that study and its results is only ten pages long. It is not apparent that expert discovery and *Daubert* motion practice in this litigation will be particularly extensive or time-consuming.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

---

[2] The website also has links to two safety studies.

**IN RE: PREVAGEN PRODUCTS MARKETING
AND SALES PRACTICES LITIGATION**                              MDL No. 2783

## SCHEDULE A

<u>Northern District of California</u>

RACIES v. QUINCY BIOSCIENCE, LLC, C.A. No. 4:15-00292

<u>District of New Jersey</u>

VANDERWERFF v. QUINCY BIOSCIENCE HOLDING COMPANY, INC., ET AL., C.A. No. 2:17-00784

<u>Eastern District of New York</u>

KARATHANOS v. QUINCY BIOSCIENCE HOLDING COMPANY, INC., ET AL., C.A. No. 2:17-01091

<u>Southern District of New York</u>

FEDERAL TRADE COMMISSION, ET AL. v. QUINCY BIOSCIENCE HOLDING COMPANY, INC., ET AL., C.A. No. 1:17-00124